**Angelo POLLICE and Gladys Pollice, Plaintiffs-Appellees,**

v.

**HARTFORD FIRE INSURANCE COMPANY, Defendant-Appellant.**

No. 15099.

United States Court of Appeals Seventh Circuit.

Dec. 2, 1965.

Rehearing Denied Feb. 11, 1966.

Samuel Levin, Chicago, Ill., for appellant.

Herbert G. Immenhausen, Reuben J. Liffshin, Chicago, Ill., George W. Presbrey, Aurora, Ill., for appellees.

Before KNOCH, CASTLE and KILEY, Circuit Judges.

CASTLE, Circuit Judge.

Angelo Pollice and Gladys Pollice, the plaintiffs-appellees, brought suit in the District Court on three fire insurance policies issued by Hartford Fire Insurance Company, defendant-appellant, to recover for damage and loss to the insured structure and its contents—a house in South Elgin, Illinois, occupied by the plaintiffs-insureds as their dwelling. The defenses asserted by the defendant are arson, and fraud and false swearing in the proofs of loss, in that the fire resulting in the damages claimed was set by a nephew of plaintiffs' son-in-law, with the knowledge and consent of the insureds or one of them. The cause was tried to the court without a jury. The court after making and entering findings of fact and conclusions of law, and filing a memorandum opinion, entered judgment for the plaintiffs in the sum of $13,702.26. The defendant appealed. It contends that the findings and conclusions of the District Court are clearly erroneous and that the court erred in failing to find that the defenses of arson and of fraud and false swearing were established.

The court found that the fire causing damage and loss at the Pollice home, while of incendiary origin, was not set with the knowledge and consent of the insureds or at their direction. The court concluded that the affirmative defenses asserted against the plaintiffs had not been proven.

We have examined the record, and testing it on the bases of the arguments advanced by the defendant we are convinced that there is no basis for a conclusion that the factual findings of the District Court are clearly erroneous or that its conclusions do not represent the application of correct legal criteria.

In the light of the controlling legal principles, no significant contribution to the law would result from a recital of the evidence. Suffice it to point out that the record does disclose circumstances which would amply warrant the drawing of inferences contrary to the determinations made by the trial court. But the court's findings rest largely upon its express appraisal of the credibility to be accorded the testimony of Mrs. Pollice, the principal witness for the plaintiffs. In its memorandum opinion the trial court took occasion to point out that Mrs. Pollice's "general demeanor—assertive and testy as it was at times—lead the court to believe she was telling the truth from the stand and was not a party to the arson which partially destroyed her home and killed her son-in-law's nephew." The critical factor in this case is the question of knowledge and consent upon the part of the plaintiffs. And findings as to factors such as knowledge, design, motive and intent depend peculiarly upon

the credit to be given the witnesses by those who see and hear them. United States v. Yellow Cab Co., 338 U.S. 338, 341, 70 S.Ct. 177, 94 L.Ed. 150. In this respect the court as the trier of the facts had the benefit of observing the demeanor of the principals on the witness stand. It is not our function on appeal to reweigh the evidence or to substitute inferences we might draw for the permissible inferences drawn by the trial court on the basis of credibility resolutions.

The judgment order of the District Court is therefore affirmed.

Affirmed.